MARTIN J. KRAVITZ, ESQ.
Nevada Bar No. 83
BIANCA V. GONALEZ, ESQ.
Nevada Bar No. 14529
CHRISTIAN KRAVITZ DICHTER
JOHNSON & SLUGA, LLC
8985 South Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 362-6666
Facsimile: (702) 362-2203
*Attorneys for Plaintiff,*
*AXIS INSURANCE COMPANY d/b/a*
*AXIS Surplus Insurance Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AXIS INSURANCE COMPANY, an Illinois corporation d/b/a AXIS SURPLUS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES LEE; DOES I through X, inclusive, and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR RECISSION AND DECLARATORY RELIEF** |

COMES NOW Plaintiff, AXIS INSURANCE COMPANY, an Illinois corporation d/b/a AXIS SURPLUS INSURANCE COMPANY (hereinafter "AXIS"), by and through its attorneys of record, Martin J. Kravitz, Esq. and Bianca V. Gonzalez, Esq. of CHRISTIAN KRAVITZ DICHTER JOHNSON & SLUGA, LLC, and hereby alleges and avers as follows:

**THE PARTIES**

1. Plaintiff AXIS is an insurance company duly organized and existing under the laws of the State of Illinois, which does business as AXIS SURPLUS INSURANCE COMPANY.

2. Defendant, CHARLES LEE (hereinafter "Lee") is and was at all times mentioned herein a citizen of the State of New Jersey.

1

3. AXIS issued a homeowners insurance policy to its insured Defendant, CHARLES LEE, relating to the real property located at 1693 E. Desert Inn Road, Las Vegas, Nevada 89169 for the policy period of 01/29/2021 to 07/29/2021.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court over the subject matter of this action is predicated upon 28 U.S.C. § 1332.

5. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity between the Plaintiff and the Defendants.

6. Claims have now been made by AXIS' insured, CHARLES LEE in excess of $300,000.00 on a policy issued with limits of $238,000 for a fire loss to real property.

7. The venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the real property is in County of Clark, State of Nevada.

## FACTS

8. Defendant, CHARLES LEE is the named insured under a policy of insurance for investment real property located at 1693 E. Desert Inn Road, Las Vegas, Nevada ("Subject Property"). The policy has limits of $238,000 under policy number DF00055649 (See *Exhibit A*).

9. The true names of Defendants DOE INDIVIDUALS 1-10 and ROE CORPORATIONS I through X, inclusive, and each of them are unknown to Plaintiff at this time. Thus, Plaintiff sues said Defendants and each of them by such fictitious names. Plaintiff is informed and believes, and therefore alleges, that at all times alleged herein, these individuals, corporations, partnerships, estates, and/or other entities is making or has made a claim against the Policy at issue described herein below, which is conflicting with the claims of named defendants herein. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of the DOE and ROE Defendants once that information has been ascertained.

10. On or about January 2021, Mr. Lee's wife, Jean Lee, sought insurance coverage for the Subject Property. The Subject Property was titled in the name of CEM 6210, LLC.

11. In requesting insurance for the Subject Property, Mrs. Lee contacted a local insurance company and its insurance agent, Michael Payne.

12. At the direction of and with the knowledge of Mrs. Lee, Mr. Payne filled out an application for insurance to protection the property from vandalism and fire losses.

13. Thus, on January 29, 2021, AXIS issued its policy of insurance relying solely on the representations made within the application.

14. The application contained numerous misrepresentations either by negligence or intent.

15. The application falsely claimed the Subject Property was owned by Mr. Lee rather than an LLC.

16. The application falsely claimed that the Subject Property had no prior fire or other losses in the past five years when in fact, there had been three prior fires and repeated acts of vandalism.

17. The application falsely claimed there had been no existing property damage when in fact the property had been severely damaged by fires and vandalism.

18. The application falsely claimed no insurance on the property had been cancelled, declined, or non-renewed.

19. The application falsely claimed that Mr. Lee was a prior customer of AXIS which resulted in AXIS granting a premium discount for customer loyalty.

20. The application falsely claimed that there had been no prior losses within any prior insurer when in fact Safeco Insurance had denied a fire/vandalism claim for the Subject Property and refused to insure the Subject Property.

21. After AXIS issued coverage, the Subject Property had a third file for which Defendant claims reimbursement under the AXIS policy for the coverage limits of $238,000.00.

## FIRST CLAIM FOR RELIEF

## RECISSION AND RESTITUTION

22. AXIS refers to Paragraphs 1-21 of this Complaint and incorporates the allegations set forth therein in full.

23. Under Nevada law, the insured's application violated express terms of NRS 687B.110 which provides in pertinent part:

> **NRS 687B.110 Representations in applications**. **All statements** and descriptions in any application for an insurance policy or annuity contract, by or in behalf of the insured or annuitant, **shall be deemed to be representations** and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy or contract **unless** either:
>
> 1. **Fraudulent**;
> 2. **Material either to the acceptance of the risk, or to the hazard assumed by the insurer**; or
> 3. **The insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate**, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.

24. Based upon the fraudulent misrepresentations as outlined in this Complaint, the misrepresentations were not only fraudulent, but they were material to the acceptance of the risk and the hazards assumed in order to underwrite and issue insurance.

25. AXIS underwriting guidelines would have prevented the issuance of any insurance to Defendant had it known the true facts and circumstances.

26. In addition, the application identified as "PROHIBITED RISK" any major loss (in excess of $25,000.00) in the past years.

27. The prior losses described above exceeded $40,000.00.

28. Thus, by virtue of the false misrepresentations made in the application, AXIS would not have issued this policy nor would have granted a significant discount on the total premium based on these false representations.

29. Had AXIS been aware of the true facts related to the Subject Property, AXIS would not have issued a policy under the company's underwriting guidelines and would not have issued a policy at the same premium rate.

30. AXIS has denied the claim for the reasons stated in this Complaint.

31. As a matter of equity, AXIS will seek a declaration from the Court that the policy be rescinded and the premium be returned.

/ / /

/ / /

4

**SECOND CLAIM FOR RELIEF**

**DECLARATORY RELIEF**

32. AXIS refers to Paragraphs 1-31 of this Complaint and incorporates the allegations set forth therein in full.

33. By virtue of the above facts, AXIS seeks a declaration from the Court that it has properly denied the claim. AXIS further requests that the policy be cancelled, the premium be returned based upon the misrepresentations made in the application and pursuant to NRS 687B.110.

34. It has become necessary for Plaintiff to engage the services of an attorney to commence this action, and therefore, Plaintiff is entitled to reasonable attorneys' fees, costs, and interest and damage in this action pursuant to Nevada law.

**WHEREFORE**, Plaintiff requests that the Court adjudicate and declare:

1. For an Order of recission of the policy and return of the premium to Plaintiff;

2. For a declaration that AXIS had a right to deny the claim, cancel the policy, and return the premium based upon the misrepresentations made in the application and pursuant to NRS 687B.110.

3. For attorneys' fees and costs; and

4. For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 2nd day of August, 2022.

CHRISTIAN KRAVITZ DICHTER
JOHNSON & SLUGA, LLC

 */s/ Martin J. Kravitz*
MARTIN J. KRAVITZ, ESQ.
Nevada Bar No. 83
BIANCA V. GONALEZ, ESQ.
Nevada Bar No. 14529
8985 South Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 362-6666
Facsimile: (702) 362-2203
*Attorneys for Plaintiff,*
*AXIS INSURANCE COMPANY d/b/a*
*AXIS Surplus Insurance Company*